ZEHMER, Judge.
We review, pursuant to section 120.68, Florida Statutes (1983), the final order of the Unemployemnt Appeals Commission (Commission) determining that claimant, Sara E. Purvis, is qualified to receive unemployment benefits by reason of the circumstances attending the termination of her employment with appellant, Tallahassee Junior Academy (Employer).
We reverse and remand for a full de novo evidentiary hearing.
Shortly after Purvis filed her claim for unemployment compensation benefits with the Florida Department of Labor and Employment Security (Department),[1] the Department issued a wage transcript and determination finding her eligible for benefits. Purvis’s former employer then filed a letter contradicting the allegations set forth in the claim and contesting any allowable benefits. Purvis responded, denying the contentions of the employer. The Division of Unemployment Compensation (Division) issued a notice of determination granting claimant benefits and indicating that the employer would be charged its pro rata share of such benefits.[2] The employer appealed that decision to an appeals referee, who held a de novo evidentiary hearing.[3] The decision of the appeals referee reversed the Division’s determination and disqualified Purvis’s unemployment benefits. When Purvis received this decision, she employed an attorney and appealed her claim to the Unemployment Appeals Commission.[4]
The Commission determined that the record was partially inaudible due to a de *970 fective tape recording of the hearing before the referee and that it needed the inaudible testimony to properly determine whether the evidence supported the referee’s decision. The Commission remanded the matter to the referee for further proceedings necessary to perfect the record.
On remand, the appeals referee conducted a second de novo hearing and, contrary to the original decision, entered a new order ruling that Mrs. Purvis was entitled to unemployment benefits based on the evidence and testimony presented at the second de novo hearing. The Commission reviewed the second decision and issued the order being appealed. The Commission’s second order stated that its prior order merely authorized the referee to “perfect the record” and that the referee exceeded his authority when he conducted a de novo hearing and made a new decision. Accordingly, the Commission quashed the second decision of the referee and reversed the first decision of the referee, finding that the first decision “is not supported by the record currently before the Commission and was likely not supported by the prior record either.” (R. 123.)
Appellant argues, among other things, that the referee’s second de novo hearing was unauthorized and prejudicial and that it was improper for the Commission to use the record from the second hearing as a basis to review the appeals referee’s first decision. Appellant also contends that during the second de novo hearing it was deprived of its right of cross-examination by legal counsel and prohibited from using or introducing into evidence those portions of Purvis’s testimony from the original proceeding which were audible and inconsistent with her testimony at the second hearing. In summary, appellant contends that it has been deprived of the fundamental right of procedural due process and a fair hearing. Appellant also argues that the appeals referee’s first decision was based upon competent, substantial evidence and, therefore, should have been affirmed by the Commission. It asks us to reinstate that original decision.
The scope of appellate court review is defined in section 120.68, Florida Statutes (1983). Subparagraph (8) of that section directs that “the court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.” We find from the record before us that faulty recording equipment prevented a complete and audible record of the original evidentiary hearing which supported the first order disqualifying Purvis from receiving benefits. For some reason unknown to us, the partially inaudible record of the first hearing was destroyed before the matter came back to the Commission a second time.[5] The appeals referee, upon remand from the Commission with directions to perfect the original record, exceeded his authority by holding a second de novo hearing and entering a new finding based only upon the evidence adduced at the second hearing.[6] Appellant, unrepresented by counsel, was deprived of the *971 right to present certain evidence to impeach the claimant during that second hearing. The Commission, although properly quashing the referee’s second order, impermissibly reversed the referee’s original finding and entered its own order qualifying Purvis for benefits based solely upon the record taken in the unauthorized second de novo hearing. We can only conclude from these circumstances that no party has received the kind of fair proceeding contemplated by section 443.151 and guaranteed by the Administrative Procedures Act, chapter 120, Florida Statutes. Rather than attempt to undo this procedural quagmire, we believe the simplest and fairest solution is to permit the parties to start over with a full and fair evidentiary hearing.
Accordingly, the order is reversed and the case is remanded with directions to hold a new de novo hearing at which all parties will be afforded an opportunity to present competent and relevant evidence in support of their respective contentions.
REVERSED and REMANDED.
MILLS, J., concurs.
ERVIN, C.J., dissents with written opinion.

. § 443.151(2), Fla.Stat. (1983).

. § 443.151(3), Fla.Stat. (1983).

. § 443.151(4)(a) and (b), Fla.Stat. (1983).

. § 443.151(4)(c), Fla.Stat. (1983).

. § 443.151(4)(a) requires that, "The division shall provide the commission and the Appeals referees with proper facilities and assistance for the execution of their functions.” This statutory directive undoubtedly mandates that the Division provide adequate recording equipment or court reporter services to make the record required by law for Commission and appellate review. Adequate recording equipment includes backup equipment and measures designed to prevent the loss of essential testimony such as occurred in this case. The total cost to the state for the various proceedings held in this case, including the appeal to this court, will undoubtedly exceed the cost of providing backup equipment for several referees. Since imperfectly recorded testimony is not unique in administrative proceedings, we suggest that the Division consider the acquisition of adequate recording equipment or other suitable measures to insure that a proper record is made in the first instance.

. The appeals referee granted the new de novo hearing because the claimant was then represented by counsel, who, according to the referee, was entitled to cross-examine the witnesses who testified at the first hearing. This is obviously not a legally sufficient reason for granting a new evidentiary hearing under the Commission’s remand order.